IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN C. BUCHANAN | : | CIVIL ACTION |
| v. | : | NO. 17-cv-251 |
| CORRECTION OFFICER F. KWANING | : | |

## MEMORANDUM OPINION

SCHMEHL, J. /s/ JLS                                            Date: February 20, 2018

*Pro se* plaintiff filed this civil rights action while he was confined at SCI Graterford. He has brought this action under 42 U.S.C. § 1983, claiming that while he was incarcerated at the George W. Hill Correctional Facility ("George Hill"), he was subjected to excessive force by defendant Correctional Officer F. Kwaning in violation of the Eighth Amendment. Presently before the Court is the motion of defendant F. Kwaning to dismiss for failure to state a claim and for failing to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). For the reasons that follow, the motion is denied.

> In his Complaint, plaintiff alleges, *inter alia*, that:
>
> I was on the phone at chow, had permission by the CO who was working the block. This CO [Kwaning] was not working the block and told me to get off. I did and he started cursing at me and I stopped turned around to tell him to show respect that's when he punched me in the face several times.

(ECF 1, p. 3.)

Plaintiff has attached to his Complaint a copy of the Formal Disciplinary Report of the altercation written by F. Kwaning. According to Kwaning,

> On the above date and time, I ordered the above mentioned inmate to get off the block phone and continue to eat his chow. The above mentioned inmate became hostile and begun issuing verbal attacks on me. I issued verbal command to the inmate to discontinue his verbal attack but he refused and instead invaded my space. I stepped back and created about two arms length but the inmate continued to invade my space and suddenly punched me in the nose. I delivered some strikes to the inmate facial area. Additional staff arrived and restrained the inmate off the block. I observed red blood in my nose after the incident.

(ECF 1, p. 9.)

Defendant first argues that since plaintiff attached to his Complaint a copy of the defendant's Formal Disciplinary Report, plaintiff has in effect admitted to defendant's version of the altercation and therefore failed to state a claim for excessive force. The Court reminds defendant that plaintiff is a *pro se* prisoner and therefore he will not be held to the same rigorous pleading standards as an attorney would be. There obvious are two versions of the altercation which need to be flushed out in discovery. Defendant may file a motion for summary judgment after discovery is completed.

Defendant also argues that this case must be dismissed because plaintiff has failed to exhaust his administrative remedies. Under the PLRA, inmates may not file a lawsuit relating to prison conditions until they have exhausted "such administrative remedies as are available." 42 U.S.C. 1997e(a). Failure to exhaust administrative

remedies is an affirmative defense that must be proven by the defendant. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

In his Complaint, plaintiff admits that he did not file a grievance concerning the alleged assault by F. Kwaning, but claims he was repeatedly "denied grievance" by prison officials at George Hill, apparently because they refused to provide him with the proper grievance form. If a prisoner has failed to file a grievance because prison officials denied him the necessary grievance forms, the prisoner lacks "available" administrative remedies under the PLRA. *Miller v. Horn*, 318 F. 3d 523, 529 (3d Cir. 2003). See *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (A remedy is unavailable if prison officials fail to provide inmates with the forms necessary to file an administrative grievance "or otherwise use affirmative misconduct to prevent a prisoner from exhausting" his or her administrative remedies.) Since the record is unclear as to the availability of the grievance system to plaintiff, the motion to dismiss on exhaustion grounds is also denied.